✓ FILED
___ LODGED
___ RECEIVED

**April 26, 2005**

MARK L. HATCHER
CLERK U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
_____ DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re:<br><br>BRIAN WHEELER and MICHELLE WHEELER,<br><br>Debtors. | No. 04-52032<br><br>**MEMORANDUM DECISION**<br><br>**PUBLISHED** |

This case came before the Court on March 1, 2005, on the Chapter 13 Trustee's (Trustee) objection to confirmation/alternative motion to dismiss. Brian and Michelle Wheeler (Debtors) filed an opposition to the objection/alternative motion. Based on the arguments presented and pleadings submitted, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

The Debtors filed bankruptcy under Chapter 13, Title 11 on December 31, 2004. On that same day, they filed a Chapter 13 Plan of Reorganization. The first meeting of creditors pursuant to 11 U.S.C. § 341 (First Meeting) was held on February 10, 2005. On February 18, 2005, the Trustee filed Trustee's Objection to Confirmation/Alternative Motion to Dismiss, setting a hearing date of March 1, 2005 (11 days notice as to the alternative motion). In the objection portion of the pleading, the Trustee requested that the Debtors

MEMORANDUM DECISION - 1

each provide a copy of two recent, consecutive pay stubs. In the motion portion of the pleading, the Trustee gave the Debtors a deadline of March 31, 2005, to provide the requested information, and included the following directive: "In the event debtor fails to comply with the foregoing order and timelines, the Trustee's Motion to Dismiss the debtor's Chapter 13 case should be granted upon submission of a declaration filed in connection with an order of dismissal, without further notice."

On February 23, 2005, the Debtors filed a response to Trustee's objection and alternative motion, asserting that the Trustee's motion to dismiss did not comply with the requirements of due process on several grounds, including insufficient notice, improper service, and failure to provide an opportunity for hearing. The Debtors also asserted that the motion failed to state adequate grounds for dismissal, was not timely, and did not provide adequate opportunity for the Debtors to remedy deficiencies.

On February 25, 2005, the Trustee filed a Memorandum in Support of Trustee's Objection to Confirmation. The memorandum provides that the information requested by the Trustee–a copy of two recent, consecutive pay stubs for each debtor–is required by Local Rules W.D. Wash. Bankr. R. 3015-1(f). The memorandum further sets forth the history of the different methods used by the Trustee to obtain information requested of debtors upon the Trustee's objection to confirmation:

> In the first, confirmation was denied and a deadline was set for providing documents without consequence for non-compliance. With great regularity, deadlines were ignored and the Trustee was required to file a separate motion to dismiss for lack of a confirmable plan and unreasonable delay that is prejudicial to creditors. Debtors then regularly complied under the threat of the dismissal motion, or a stipulated order resolving such motion. . . .
>     In the second approach . . . confirmation was denied and a deadline was set for providing documents. These orders included an "alternative motion to dismiss," but required the trustee to provide 7 days notice to counsel for failure to comply if the deadline for document submission was missed. In two out of three cases with such provisions, the Trustee had to send out the Notice of default. With a default rate of sixty-seven percent, it became obvious that the Trustee was functioning as the tickle system for debtors' counsel. This placed an unreasonable and unnecessary burden on the Trustee's office. This approach also resulted in unnecessary delay while the Notice of Default served to prompt debtors and their counsel to comply with the terms of the Court's order. . . .

MEMORANDUM DECISION - 2

> In the third approach, as used in this case, confirmation is denied and a deadline is set with dismissal without further notice as the consequence for non-compliance. . . . This approach appropriately requires counsel to take action without further prompting from the Trustee. . . . Where unforeseen problems arise, counsel can always request additional time to comply.

The Trustee's Objection to Confirmation/Alternative Motion to Dismiss came for hearing on March 1, 2005, at which time the Court took the matter under advisement. Although not requested by the Court, both parties subsequently filed additional pleadings on the pending issues. On March 7, 2005, Daniel Radin, an Assistant Attorney General representing the State of Washington's Bankruptcy & Collections Unit, filed a letter advising the Court that the State also utilizes a practice similar to that of the Trustee's when objecting to confirmation. This Court is aware that other governmental agencies, such as the Internal Revenue Service and the Office of the United States Trustee, also utilize similar practices. On March 18, 2005, Debtors' counsel filed a letter to the Court in response to Mr. Radin's letter.

## CONCLUSIONS OF LAW AND DISCUSSION

The primary issue before the Court is whether the Court can sua sponte dismiss a Chapter 13 case under 11 U.S.C. §105(a), rather than by motion with notice and a hearing under 11 U.S.C. § 1307. The Debtors contend that any procedure utilized for dismissal other than that set forth in and required by 11 U.S.C. § 1307 and applicable court rules, denies them their right to due process.

The Debtors first argue that the Trustee, by seeking to dismiss their case through an alternative motion to dismiss, must comply with the notice and hearing requirements set forth by the Bankruptcy Code (Code) and the applicable rules. 11 U.S.C. § 1307(c) provides, in relevant part, that "on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter . . . ." Fed. R. Bankr. P. 9014(a) provides that in contested matters, "relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom

MEMORANDUM DECISION - 3

relief is sought." Local Rules W.D. Wash. Bankr. R. 9013-1(d)(2)(F) requires at least 15 days notice preceding the date fixed for hearing. Local Rules W.D. Wash. Bankr. R. 9013-1(c)(2) requires that notice be given to the debtor, the debtor's attorney, the trustee, the United States trustee, all creditors, all indenture trustees, and any persons requesting special notice.[1] The Debtors argue that because the Trustee's alternative motion to dismiss does not comply with the Code and these rules, the Debtors were deprived their right to due process.

The Trustee counters that although it has labeled its request for relief an alternative motion to dismiss, it is not seeking to dismiss the Debtors' case pursuant to 11 U.S.C. § 1307. Rather, the Trustee is attempting to put into place a "strict compliance" order whereby the Court sua sponte dismisses a debtor's case when certain information necessary for confirmation is not provided by a specific date. The Trustee argues that such a strict compliance order is within the scope of 11 U.S.C. § 105(a), as recognized in the recent decision of In re Tennant, 318 B.R. 860 (9th Cir. BAP 2004), and the 1986 amendment to this Code section.

11 U.S.C. § 105(a) provides as follows:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Although most bankruptcy courts once held that a court could not dismiss a case sua sponte under 11 U.S.C. § 1307, 11 U.S.C. § 105(a) "was revised in 1986 to overrule prior decisions prohibiting a court from acting sua sponte when the statute authorized only a party in interest to act." Tennant, 318 B.R. at 869; see also 8 L. King, Collier on Bankruptcy, ¶ 1307.04, p.1307-9-10 (15th ed. rev. 2004).

---

[1] The Court makes no ruling on whether Local Rules W.D. Wash. Bankr. R. 9013-1(c)(2) applies to a motion to dismiss under 11 U.S.C. § 1307, as asserted by the Debtors.

MEMORANDUM DECISION - 4

In <u>Tennant</u>, the debtor filed his Chapter 13 petition, but failed to file his Schedules I and J, the Chapter 13 plan, or the Statement of Financial Affairs along with the petition. <u>Tennant</u>, 318 B.R. at 864. On the same day that the debtor filed his petition, the clerk of the court entered an "'Order to Comply with Bankruptcy Rules 1007 and 3015(b) and Notice of Intent to Dismiss Case under 11 U.S.C. § 109(g)(1),'" (Comply Order) that directed the debtor to file the missing documents within 15 days or to move for an extension of time. <u>Tennant</u>, 318 B.R. at 864 (footnote omitted). The Comply Order stated that if the debtor did not comply by the deadline, the court would dismiss the case without further notice. <u>Tennant</u>, 318 B.R. at 864. The debtor failed to file the Statement of Financial Affairs within the requisite period of time. The clerk of the court subsequently issued an order dismissing the debtor's case without further notice or a hearing. <u>Tennant</u>, 318 B.R. at 865. There is no indication that the bankruptcy judge prepared or even considered the Comply Order or dismissal order, which was a generated form that bore the name of the clerk of court, followed by "For The Court." <u>Tennant</u>, 318 B.R. at 865.

On appeal, the Ninth Circuit Bankruptcy Appellate Panel initially held that a "court can dismiss a case sua sponte under Section 105(a)." <u>Tennant</u>, 318 B.R. at 869 (citing <u>In re Meints</u>, 222 B.R. 870, 871-72 (Bankr. D. Neb. 1998)). The appellate court then affirmed the bankruptcy court's sua sponte dismissal, noting that the bankruptcy court based its dismissal on the debtor's failure to file the Statement of Financial Affairs within the directed 15 days and as required by Fed. R. Bankr. P. 1007(c). "To enforce the Comply Order and Rule 1007(c), the court was authorized to dismiss Debtor's case sua sponte. Section 105(a) makes 'crystal clear' the court's power to act sua sponte where no party in interest or the United States trustee has filed a motion to dismiss a bankruptcy case." <u>Tennant</u>, 318 B.R. at 869 (quoting <u>In re Greene</u>, 127 B.R. 805, 807 (Bankr. N.D. Ohio 1991)).

In considering the bankruptcy court's sua sponte power under 11 U.S.C. § 105(a), the Ninth Circuit Bankruptcy Appellate Panel also addressed whether this power is

MEMORANDUM DECISION - 5

restricted by Fed. R. Bankr. P. 1017(c).  Tennant, 318 B.R. at 870.  This rule provides that the court may dismiss a Chapter 13 case under 11 U.S.C. § 1307(c)(9) "after a hearing on notice served by the United States trustee on the debtor, the trustee, and any other entities as the court directs."  Fed. R. Bankr. P. 1017(c).  The appellate court held that this rule does not govern a sua sponte dismissal made in accordance with 11 U.S.C. § 105(a).  Furthermore, even if Fed. R. Bankr. P. 1017(c) conflicts with 11 U.S.C. § 105(a), the conflict must be resolved in favor of the Code.  Tennant, 318 B.R. at 870.

The Tennant court also considered the notice, hearing, and due process rights of the debtor in that case, commenting that "[e]ven though the court dismissed Debtor's case . . . through its general powers under Section 105(a), the concept of procedural due process requires a notice and an opportunity to be heard."  Tennant, 318 B.R. at 870.  The appellate court noted that the concept of notice and a hearing is "flexible and depends on what is appropriate in the particular circumstance."  Tennant, 318 B.R. at 870.  While dismissal without notice and an opportunity to be heard is <u>not</u> appropriate where <u>substantive</u> issues are to be determined, if a case involves "only very narrow procedural aspects, a court can dismiss a Chapter 13 case without further notice and a hearing if the debtor was provided '**with notice of the requirements to be met**.'" Tennant, 318 B.R. at 870 (quoting Meints, 222 B.R. at 872).  "Thus, a procedure is 'perfectly appropriate' that notifies the debtor of the deficiencies of his petition and dismisses the case sua sponte without further notice and a hearing when the debtor fails to file the required forms within a deadline."  Tennant, 318 B.R. at 870-71 (quoting In re Minkes, 237 B.R. 476, 478 (8th Cir. BAP 1999)).  Applying this standard, the Tennant court held that the notice to the debtor was appropriate under the circumstances and an actual hearing was not necessary.  The debtor was notified that failure to file the missing documents would lead to a dismissal without further notice and that he must file a motion to receive an extension of time.  The failure to file the required documents within 15 days was not substantive.  Tennant, 318 B.R. at 871.

MEMORANDUM DECISION - 6

The Debtors argue that Tennant does not apply in their case because the compliance issues stemming from the Trustee's objection to confirmation and alternative motion to dismiss are in fact "substantive issues," rather than procedural issues, that require notice and a hearing. The Tennant case does not define the term "substantive issues." Tennant, 318 B.R. at 870-71. The facts of that case, however, and the cases cited within, are instructive for determining what alleged deficiencies should fall under the category of "very narrow procedural aspects." Tennant, 318 B.R. at 870. For instance, a debtor's failure to file documents required by statute or court rule, and to comply with a court order directing the debtor to file these documents by a date certain, is a "very narrow procedural aspect" that does not require notice and a hearing. Tennant, 318 B.R. at 870-71. It is also apparent that based on Meints, a debtor's failure to file certain documents ordered by the court in a prior bankruptcy as a prerequisite to filing a new bankruptcy case, is a procedural issue not requiring notice and a hearing. Meints, 222 B.R. at 871-72.

This Court concludes that the use of the Trustee's objection to confirmation and alternative motion to dismiss is procedural, rather than substantive. Like Tennant and Meints, this case involves a sua sponte dismissal in the event the Debtors fail to comply with the terms of a strict compliance order. The only difference in this case is that the Trustee, rather than the clerk of the court, has indicated the information to be provided by the Debtors and the deadline for providing such information. This difference has no bearing, however, because similar to the Tennant case, it is uncontroverted that the requested information is required to complete the Debtors' bankruptcy.[2] Even if the Debtors disputed the requested information, they would have the opportunity to raise this issue with the Trustee at the First Meeting, or with the Court at the hearing on the Trustee's

---

[2] The Debtors concede that "[t]he trustee is entitled to request whatever documents or information she deems reasonable, and debtors are required to comply." Debtors' Mem. Supp. Resp. at 1:15-17.

MEMORANDUM DECISION - 7

objection to confirmation. Furthermore, the Court alone approves the deadline before signing the strict compliance order.

The Debtors next contend that as in In re Dinova, 212 B.R. 437 (2d Cir. BAP 1997), notice of the Debtors' deficiencies in this case was premature. In Tennant, as a part of its due process analysis, the Ninth Circuit Bankruptcy Appellate Panel considered whether the deficiency notice to the debtor was premature, as in Dinova. Tennant, 318 B.R. at 871 (citing Dinova, 212 B.R. at 443-44). In that case, the bankruptcy court sent notice of a deficiency to the debtor before the debtor failed to comply with the required procedure, and then dismissed the case without a hearing. The Second Circuit Bankruptcy Appellate Panel held that this procedure did not comport with procedural due process. The Tennant court distinguished the facts of its case, noting that the debtor committed an initial error of incomplete filing, and then the bankruptcy court issued its Comply Order and dismissed the case when the debtor failed to comply. Unlike Dinova, the Ninth Circuit Bankruptcy Appellate Panel found no premature notice to the debtor. Tennant, 318 B.R. at 871.

The facts of this case are similar to Tennant. The Debtors in the instant case had a defect in their bankruptcy filing–failure to provide the two most recent pay stubs–that occurred when they filed their Chapter 13 Plan.[3] Thereafter, the Debtors were notified of this defect possibly at the First Meeting, but certainly by the hearing set on the objection to confirmation. Consequently, notification was given after the defect occurred, providing the Debtors the opportunity to contest the filing defect at the hearing. Unlike in Dinova, there was no premature notice of defect. Further, the Trustee's proposed order was filed on February 18, with a March 31 strict compliance date, allowing the Debtors sufficient time to comply or have their case dismissed. At the March 1 hearing, the Debtors did not seek additional time or contest the information sought by the Trustee.

---

[3]Pursuant to Fed. R. Bankr. P. 3015(b), the debtor may file a Chapter 13 plan with the petition, and if not then, "within 15 days thereafter." Local Rules W.D. Wash. Bankr. R. 3015-1(f) requires a debtor to file copies of the two most recent pay statements and/or other verification of income "not later than the date the plan is due."

MEMORANDUM DECISION - 8

The Debtors next assert that unlike Tennant, the Trustee, rather than the Court, is seeking a dismissal. The Debtors point to the language contained in the Trustee's proposed order to deny confirmation:

> ORDERED that in the event debtor fails to comply with the foregoing order and timelines, the Trustee's Motion to Dismiss the debtor's Chapter 13 case should be granted upon submission of a declaration filed in connection with an order of dismissal, without further notice[.]

Trustee's Proposed Order at 1:18-20. The Trustee clarifies that what it seeks from the Court is dismissal of a case upon an ex parte statement, made under penalty of perjury, that the debtor failed to comply with the Court's order. The Trustee argues that this process is routinely employed in the entry of orders dismissing a case or granting relief from the automatic stay. In such cases, it is the court, and not the declarant, that dismisses the case or grants the requested relief. These orders are commonly referred to as "strict compliance" orders. Although the Debtors' argument that allowing the Trustee to determine when a debtor has complied with a court order is tantamount to allowing the Trustee to dismiss the case, this argument is not persuasive.

In the procedure proposed by the Trustee, the Court must sign and enter the underlying order, or strict compliance order, that directs a debtor to provide certain information to the Trustee by a specific date. Although it is the Trustee who requests the compliance order, only the Court can order it, and only after the debtor has had an opportunity to contest the information requested by the Trustee. Thereafter, as illustrated in Tennant, it is not necessary for a bankruptcy judge to make the determination of whether a debtor has met the procedural requirements of a compliance order, or even sign the dismissal order. In that case, the court clerk first determined that the debtor had not complied with the court's order and then issued a dismissal order. In this case, the Trustee merely proposes that it initially determine whether compliance with the Court's order has been met. Thereafter, the Trustee requests the Court to sign the dismissal order. This is far more judicial involvement than required by the Ninth Circuit Bankruptcy Appellate Panel

MEMORANDUM DECISION - 9

in Tennant. This procedure does not usurp the Court's authority. The Debtors have failed to provide any case law or legislation that prohibits the use of similar strict compliance orders.

The Debtors' final argument is that the procedure proposed by the Trustee provides no adequate remedy if a case is dismissed improperly. The Trustee counters that the Debtors can seek relief under Fed. R. Bankr. P. 9024. To warrant relief under this rule, the Debtors would be required to establish only their compliance with the Court's order. This is the identical burden that would be on the Debtors if the Trustee filed a motion to dismiss for failure to comply with the Court's order. In that situation, if the Trustee presented evidence that the Debtors had not complied with the Court's order, the Debtors would then be required to establish compliance. The Court agrees that there is no meaningful difference between the burden of proof placed on the Debtors for purposes of seeking a Fed. R. Bankr. P. 9024(b)(1) motion and defending a motion to dismiss. Fed. R. Bankr. P. 9024 provides an adequate remedy for a debtor whose Chapter 13 case is dismissed improperly.

The Court concludes that the Trustee, or a creditor, may utilize a strict compliance order that allows the Court's sua sponte dismissal of a Chapter 13 case without further notice, in accordance with 11 U.S.C. § 105(a). Although fully supported by the Tennant case, the Court's result is also in accord with the plain language of 11 U.S.C. § 105(a). Section 105(a) explicitly grants a court the authority to "issue any order" that is necessary to "carry out the provisions of this title," or to take "any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." The Code and court rules, both federal and local, require that a debtor provide specific financial information in order to confirm a Chapter 13 plan and enjoy the privileges of bankruptcy protection. As part of the confirmation process, the Trustee routinely reviews a debtor's Chapter 13 plan to determine whether it complies with the requirements of the Code and the bankruptcy rules, including whether the debtor has filed

MEMORANDUM DECISION - 10

information adequate for confirmation. The plain language of 11 U.S.C. § 105(a) grants the Court the authority to order a debtor to provide that information required by the Code and bankruptcy rules for confirmation. Furthermore, 11 U.S.C. § 105(a) grants the Court the authority to take any action necessary or appropriate to enforce its order. Accordingly, if a debtor fails to comply with the Court's strict compliance order that directs the debtor to provide information required of it by the Code and rules, 11 U.S.C. § 105(a) allows the Court to dismiss the debtor's case.

The interest of efficiency also supports the use of strict compliance orders. Due to the shear volume of filed Chapter 13 cases, the Trustee must have a procedure that will allow it to move cases quickly to confirmation in the most efficient and practicable manner possible. The methods previously used by the Trustee illustrate that the Trustee is seeking to balance efficiency and fairness to both debtors and creditors in each case. As conceded by the Debtors, the information requested by the Trustee is not only reasonable, but it is required by the Code and bankruptcy rules for plan confirmation. If a debtor has the opportunity to contest the information requested by the Trustee and is afforded a reasonable amount of time to provide the information or seek an extension, there appears to be no reason to allow the debtor to stretch out the confirmation process, at the creditors' expense, by requiring the Trustee to file a separate motion to dismiss pursuant to 11 U.S.C. § 1307. Because a debtor is seeking the benefits of bankruptcy and the automatic stay, it is not overly burdensome to require the debtor and/or debtor's counsel to comply with the Code and bankruptcy rules in a timely manner.

While concluding that strict compliance orders are permitted, the Court cautions that such orders are enforceable only to the extent they comport with the due process requirements identified in <u>Tennant</u>. To ensure due process is provided, the following criteria must be met before this Court will approve a strict compliance order that includes a penalty of dismissal for failure to comply:

MEMORANDUM DECISION - 11

(1) Contained within an objection to confirmation, the Movant shall request that in the event the Court sustains the objection, the Court enter an "order for strict compliance or dismissal." This request should also be noted in the pleading caption.

(2) The objection to confirmation and request for strict compliance order shall contain the following:
   a. the debtor's filing defects and/or additional information sought by the Movant;
   b. refer to the Code, rule, or case law that requires the information requested;
   c. provide that if the debtor disputes the defects identified in the objection to confirmation or the additional information requested by the Movant, or requests additional time to comply, the debtor must file a written objection to be set at the same time as the hearing on the Movant's objection to confirmation and request for strict compliance order;
   d. propose a deadline that gives the debtor a reasonable amount of time to comply with the strict compliance order (whether an amount of time is reasonable will depend on the type and quantity of the information requested);
   e. provide that without further notice to the debtor, a dismissal order shall be entered by the Court upon the filing of the Movant's declaration, stating that the debtor has not provided the information required by the strict compliance order within the specified time, and that the debtor did not seek or obtain an extension of time to comply with the strict compliance order.

(3) The Movant's declaration in support of the order of dismissal must set forth what information the Court ordered the debtor to provide, the deadline date to provide the information, that the debtor did not seek or obtain an extension of time to comply with the strict compliance order, and what information the debtor failed to provide by the deadline date.

Accordingly, the Trustee's objection to confirmation is sustained. Within 15 days of the entry of this Memorandum Decision and the attendant order, the Trustee must file a strict compliance order consistent with this Memorandum Decision for Court approval. Because the Trustee previously allowed the Debtors 30 days to provide the requested information, the strict compliance order will allow the Debtors 30 days from the date the order is entered to provide the requested information. The Court notes that the criteria established in this Memorandum Decision for enforceable strict compliance orders are

MEMORANDUM DECISION - 12

prospective only and, consequently, does not affect any strict compliance orders previously entered by this Court.

DATED: April 26, 2005

_Paul B. Snyder_
Paul B. Snyder
U.S. Bankruptcy Judge

MEMORANDUM DECISION - 13